**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL BIERNAT** | : | **CIVIL ACTION NO.** |
| | : | |
| **v.** | : | CA 06 319 |
| | : | |
| **THOMAS P. RYAN AND NATIONAL PASSENGER CORP., d/b/a AMTRAK** | : | |

**DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441(a), 1441(b) and 1446, and for the sole purpose of removing this matter to the United States District Court of the District of Rhode Island, Defendants, Thomas P. Ryan and National Passenger Corp., d/b/a Amtrak, hereinafter "Amtrak," state:

1. State Court Action.

Plaintiff Michael Biernat filed this action against Defendant in the Superior Court of the State of Rhode Island for Providence, Civil Action No. 06-3358. Copies of the Summons and Complaint are attached as Exhibit A. The Summons and Complaint constitute all of the prior pleadings and/or orders served upon Defendants to date. The Summons and Complaint were served on Amtrak on June 27, 2006.

2. Federal Jurisdiction.

According to the Complaint, Plaintiff allegedly suffered serious personal injury involving property owned and/or maintained by Amtrak. Amtrak is removing this action because Amtrak is a federally chartered corporation created by an Act of Congress, 49 U.S.C. § 24101, et seq., and more than one-half its capital stock is owned by the United States. Thus, the above-described action is a civil action of which this Court has original jurisdiction under the

provisions of Title 28, U.S.C. § 1331 and 1349 and is one which may be removed to this Court by the defendant therein, pursuant to the provisions of Title 28, U.S.C. § 1441.

Thomas P. Ryan assents to and joins in the removal of this action.

3. Supplemental Jurisdiction.

As set forth in the Complaint, the plaintiff allegedly suffered serious personal injury involving property owned and/or maintained by Amtrak. The claims against Thomas P. Ryan are part of the same case and/or controversy as those alleged against Amtrak over which this court has original jurisdiction. Accordingly, this Court has supplemental jurisdiction over the plaintiff's claims against Thomas P. Ryan pursuant to Title 28, U.S.C. § 1367.

4. Timeliness of Notice of Removal.

Amtrak was served with the Summons and Complaint on June 27, 2006. Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b).

5. Relief Requested.

Defendants request that the United States District Court for the District of Rhode Island assume jurisdiction over the above-captioned action and issue such further orders and process as may be necessary to bring before it all parties necessary for the trial of this action. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendants are attached as Exhibit A. Certified copies of the entries in the Superior Court docket will be filed in connection with Defendants' Local Rule 81 Statement.

Defendants,
THOMAS P. RYAN AND NATIONAL PASSENGER CORP., d/b/a AMTRAK,
By and Through Their Attorneys,

Dated July __, 2006

Paul E. Dwyer, Jr. Esq. (#3956)
Amy Vignali Coleman, Esq. (#5319)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903-2499
Phone: (401) 274-9200
Fax: (401) 276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14 day of July, 2006, I served a copy of the within document by causing a copy to be sent via First Class U.S. Mail, postage pre-paid to the counsel of record in the above-named matter.

TO: Robert Testa, Esquire
D'Amico & Testa, P.C.
194 Waterman Street
Providence, RI 02906

Amy Vignali Coleman