**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL BIERNAT** | : | CA 06 319 |
| **v.** | : | **C.A. No.:** |
| | : | |
| **THOMAS P. RYAN AND NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK** | : | |

**ANSWER OF DEFENDANT**
**NATIONAL RAILROAD PASSENGER CORPORATION**
**d/b/a AMTRAK**

1. Defendant, National Railroad Passenger Corporation (hereinafter "Amtrak" or "Defendant") is without sufficient information to admit or deny the allegations contained in paragraph 1 of plaintiff's complaint and, therefore, leaves the plaintiff to his proof thereof.

2. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 of plaintiff's complaint and, therefore, leaves the plaintiff to his proof.

3. Admitted.

4. Admitted.

5. Amtrak denies that an individual named Thomas P. Ryan was operating a motor vehicle owned and registered in the name of Amtrak on or about December 17, 2003 but admits that a vehicle owned and registered to Amtrak came into contact with the rear end of Plaintiff's vehicle on Route 95.

6. Denied.

**COUNT I**

Amtrak repeats its responses to paragraphs 1 through 6, inclusive, of plaintiff's Complaint as though fully set forth herein.

7. Amtrak denies that Thomas P. Ryan was operating a motor vehicle owned by Amtrak with its consent on or about December 17, 2003 but admits that on that date a motor vehicle owned and registered by Amtrak was being operated with its permission and consent by one of its employees.

8. Amtrak denies that its vehicle was in any way being operated negligently at the time of the collision with the vehicle being operated by Amtrak. Defendant further denies that the Amtrak vehicle was being operated by Thomas P. Ryan.

9. Denied.

WHEREFORE, defendant demands judgment upon plaintiff's Complaint together with costs.

**COUNT II**

Defendant repeats its responses to paragraphs 1 through 9, inclusive, of plaintiff's Complaint as though fully set forth herein.

10. Denied.

11. Defendant denies that its vehicle was being operated negligently at any time. Amtrak further denies that its vehicle was being operated by Thomas P. Ryan.

12. Denied.

WHEREFORE, defendant demands judgment upon plaintiff's Complaint together with costs.

**COUNT III**

Defendant repeats its responses to paragraphs 1 through 12, inclusive, of plaintiff's Complaint as though fully set forth herein.

13. Denied.

WHEREFORE, defendant demands judgment on plaintiff's Complaint together with costs.

**AFFIRMATIVE DEFENSES**

1. Plaintiff came to a sudden, unnecessary and unforeseeable stop and, therefore, was the proximate cause of the collision, barring recovery.

2. Plaintiff was comparatively negligent and, therefore, his recovery must be barred or reduced accordingly.

3. The collision was an accident for which no one bears liability, and, therefore, there can be no recovery.

4. Plaintiff failed to mitigate his damages and, therefore, his recovery must be barred or reduced accordingly.

Defendant demands a trial by jury and designates Paul E. Dwyer, Jr. as trial counsel.

Respectfully submitted,

EDWARDS ANGELL PALMER &
DODGE, LLP

By: ______________________
Paul E. Dwyer, Jr. (#3956)
Attorneys for Defendant
National Railroad Passenger
Corporation, d/b/a Amtrak
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200
(401) 276-6611 (facsimile)

By: ______________________
Amy Vignali Coleman (#5319)
Attorneys for Defendant
National Railroad Passenger
Corporation, d/b/a Amtrak
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200
(401) 276-6611 (facsimile)

CERTIFICATE OF SERVICE

I hereby certify that on this 14 day of July, 2006, I served a copy of the within document by causing a copy to be sent via First Class U.S. Mail, postage pre-paid to the below-named counsel.

TO: Robert Testa, Esquire
D'Amico & Testa
194 Waterman Street
Providence, RI 02906